IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN RAMON JR. | § | |
| v. | § | CIVIL ACTION NO. 9:10cv158 |
| DOUGLAS DRETKE, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Juan Ramon Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1, complaining of alleged violations of his rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Ramon named Douglas Dretke, former Director of the Texas Department of Criminal Justice, Correctional Institutions Division; Eastham Unit Warden Michael Sizemore; TDCJ chaplaincy director Bill Pierce; and unit chaplain Vance Drum.

In his complaint, Ramon complains that since June of 2008, he has sought access to a Catholic priest to exercise his religious freedom and participate in the sacraments of the Catholic Church, but Vance Drum, chaplain at the Eastham Unit, told him that it would "take too much time" to arrange for a Catholic priest to assist him in partaking of the sacraments. Ramon contacted Bill Pierce, the head of the TDCJ chaplaincy department, but Pierce would not assist him. Ramon then filed grievances, but was told that he could only have correspondence courses and not access to a priest.

The Magistrate Judge ordered Pierce and Drum to answer the lawsuit. The remaining Defendants were dismissed from the lawsuit on January 9, 2012. Pierce and Drum have filed a motion for summary judgment, to which Ramon has filed a response.

In this motion for summary judgment, the Defendants say that after the lawsuit was filed, Ramon was transferred to the Ramsey Unit to participate in the GRAD program, which is a program that disassociates inmates from prison gangs. When Ramon entered Phase III of the program, he was released from administrative segregation and placed in general population. The Defendants state that inmates in general population are allowed to attend religious services and activities, which those in administrative segregation cannot.

Thus, because Ramon is now in a custody status which permits attendance at religious services, the Defendants maintain that his claims for injunctive relief are moot. They also note that Ramon will discharge his sentence in February of 2012 and the conditions about which he complains are unlikely to recur.[1]

The Defendants contend that Ramon is not entitled to any damages under RLUIPA because the statute does not create a cause of action against any defendants in their individual capacities, and sovereign immunity bars any claims for damages against Texas prison officials in their official capacities. They also argue that Ramon does not allege any physical injuries, and therefore cannot maintain a claim under 42 U.S.C. §1983 for emotional injuries. Finally the Defendants assert that they have qualified immunity from any claims for nominal or punitive damages which Ramon may raise under Section 1983. The Defendants provide summary judgment evidence in the form of affidavits from Captain Richard Babcock, a security officer at the Ramsey Unit, Robert Leich, a chaplain at the Ramsey Unit, and Chaplain Drum.

In his response to the motion for summary judgment, Ramon says that he has not had the opportunity to discover information vital to his claims, but does not indicate what this information

---

[1] As of March 6, 2012, the TDCJ on-line offender information search shows that Ramon is no longer in custody.

might be. He complains that he was denied access to priest for almost three years, and says that this sets out a cognizable First Amendment claim.

Ramon acknowledges that a transfer or release can moot a claim for declaratory or injunctive relief, although not a claim for damages. However, he argues that his claim not moot under the "capable of repetition yet evading review" doctrine. He says that the Eleventh Circuit has held that monetary damages are available under RLUIPA, and that the Ninth Circuit has stated that a First Amendment violation entitles a plaintiff to judicial relief wholly aside from any physical injury he can show or any mental or emotional damages which he may have incurred.

Ramon further argues that the Defendants are not entitled to Eleventh Amendment immunity because his inability to say confession, receive communion, or gain access to a priest for counseling imposed a substantial burden on his religious exercise. He cites TDCJ rules to argue that the Defendants' conduct was objectively unreasonable. Ramon attaches an affidavit setting out what happened to him between July of 2008, when he arrived at the Eastham Unit, and January of 2011, when he was transferred to the Ramsey Unit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the lawsuit be dismissed. The Magistrate Judge stated first that Ramon's transfer away from the Eastham Unit and promotion out of administrative segregation into a custodial classification where he was free to attend religious services rendered his claims for declaratory and injunctive relief moot. The Magistrate Judge rejected Ramon's argument that the claim was "capable of repetition yet evading review," stating that Ramon's promotion in classification status came as a result of his renunciation of gang activity, and that it was "manifestly unlikely" that Ramon, having renounced the gangs, would resume his association with them and thereby return to administrative segregation.

The Magistrate Judge went on to state that because Ramon does not allege a physical injury, he cannot maintain a claim for compensatory damages, and that RLUIPA does not allow for individual capacity liability for damages. Whether or not the Act creates a cause of action for

official-capacity damages, the Magistrate Judge said, such a claim would be barred by sovereign immunity. The Eleventh Circuit case which Ramon cited was abrogated by the U.S. Supreme Court in Sossamon v. Texas, 131 S.Ct. 1651 (2011). Finally, the Magistrate Judge concluded that the Defendants were entitled to qualified immunity and that Ramon had not shown entitlement to either compensatory or punitive damages, which are the monetary damages that he requested in his complaint.

Ramon received a copy of the Magistrate Judge's Report on January 18, 2012, and filed a motion for extension of time in which to file objections. This motion was granted to March 5, 2012. Ramon received a copy of the order granting an extension of time on February 7, 2012, but has filed no objections despite having ample time in which to do so; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and testimony in this case, along with the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 32) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 27) is GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **8** day of **March, 2012.**

_____
Ron Clark, United States District Judge

4